ERNEST C. ATKINS, Appellant, Respondent, *v.* HERTZ DRIVURSELF STATIONS, INC., Respondent, Appellant, Impleaded with DANIEL MANLEY, Defendant.*

First Department, December 9, 1932.

* Affd., 237 App. Div. 31.

*John P. McGrath* of counsel [*Toivo H. Nekton* and *Joseph S. Robinson* with him on the brief; *Richards, Smyth & McGrath*, attorneys], for the plaintiff.

*Henry J. Smith* of counsel [*J. M. Sheen* with him on the brief], for the defendant, Hertz Drivurself Stations, Inc.

O'MALLEY, J. The complaint alleges that the defendant Hertz Drivurself Stations, Inc., was a domestic corporation engaged in the business of renting or leasing motor vehicles for operation on the public highway and was the owner of a motor vehicle which on May 3, 1930, was being operated, managed, controlled and driven by the defendant Manley, with the permission and consent, express or implied, of the corporate defendant; that on the day mentioned plaintiff, while lawfully on the public highway, sustained physical injuries through the said vehicle being negligently, carelessly and unlawfully operated, managed, controlled and driven without any fault on his part thereto contributing. Damages for such injuries are sought.

After denials raising issues with respect to the allegations of the complaint, the defendant Hertz Drivurself Stations, Inc., New York, pleaded as a separate and complete defense the following:

" 3. That this defendant is a corporation engaged in the business of leasing motor vehicles to be operated on the public highways and pursuant to and in compliance with Section 59 of Chapter 71 of the Consolidated Laws carries insurance in an Insurance Company approved by the Insurance Commissioner of the State of New York insuring the renter against liability arising out of his negligence in the operation of such motor vehicle in the sums therein set forth."

Upon this appeal the plaintiff admits the truth of the facts pleaded in the separate defense and stipulates that if such defense is held sufficient, the defendant Hertz Drivurself Stations, Inc., may have final judgment dismissing the complaint.

Plaintiff's attack upon the defense is predicated upon the contention that section 59 of the Vehicle and Traffic Law, being chapter 54 of the Laws of 1929, as amended, is violative of the State

Constitution so far as such law exempts the defendant and others in the same class, on the ground that it grants an exclusive privilege and immunity to a private corporation; and that it is further violative of section 1 of the Fourteenth Amendment of the Constitution of the United States in that it denies to the plaintiff the equal protection of the law.

With these contentions we do not agree. In the first place the liability of an owner of a motor vehicle for its negligent operation by one operating under his authority, express or implied, but not as an agent or servant of the owner upon his business, is purely statutory. (*Gochee* v. *Wagner*, 257 N. Y. 344, 347.) Plaintiff's claim against the defendant corporation is predicated upon the statute, part of which he now claims is unconstitutional. The plaintiff may not avail himself of a purely statutory right, and at the same time avoid the restrictions of the same statute. (Constitutional Law, 12 C. J. § 190, p. 769.) (See, also, *Matter of City of Syracuse*, 224 N. Y. 201, 205.) Moreover, it is doubtful whether the plaintiff is in a position to raise the constitutional question. He does not show that the provision of the statute alleged to be unconstitutional operates to deprive him of rights protected by the Constitution. Apart from the statute he had no right. One in such position may not raise the question. (*Plymouth Coal Co.* v. *Pennsylvania*, 232 U. S. 531, 544; *People* v. *Beakes Dairy Co.*, 222 N. Y. 416, 429.)

Dealing with the questions presented upon their merits, however, we are of opinion that the statute, in the respect complained of, is violative neither of the Constitution of the United States, nor of the State of New York.

It is to be borne in mind that the presumption is in favor of constitutionality and that a legislative act should not be declared unconstitutional unless so proved beyond reasonable doubt. (*El Paso & Northeastern R. Co.* v. *Gutierrez*, 215 U. S. 87; *Matter of N. Y. El. R. R. Co.*, 70 N. Y. 327, 342, 343; *People ex rel. Henderson* v. *Supervisors*, 147 id. 1, 15; *N. Y. C. & H. R. R. R. Co.* v. *Williams*, 199 id. 108; *People ex rel. Simon* v. *Bradley*, 207 id. 592, 610; *People* v. *Crane*, 214 id. 154, 172.) The statute under consideration is not limited by its provisions to a particular locality nor designated person, association or corporation. It applies generally to all localities and to all parties within its purview. It is, therefore, not violative of section 18 of article 3 of the Constitution of the State of New York. (*Perkins* v. *Heert*, 158 N. Y. 306.)

Nor is the statute violative of the Constitution of the United States upon the theory that it is class legislation. True, the

exception relates to a class — bailors for hire. Such classification, however, is proper if founded on reasonable grounds and is not arbitrary. (*St. John* v. *New York*, 201 U. S. 633; *Biddles, Inc.*, v. *Enright*, 239 N. Y. 354; *People* v. *Beakes Dairy Co.*, *supra; People* v. *Klinck Packing Co.*, 214 N. Y. 121; *People* v. *Havnor*, 149 id. 195.)

The defendant corporation under the facts of the pleadings before us is in the same general class as the livery stable keeper was and is at common law. The latter has been uniformly held to be within the police power of the State with respect to legislation. (*Reinman* v. *Little Rock*, 237 U. S. 171.)

Moreover, motor vehicles have been variously classified under particular legislation and this classification has been upheld as being within the police power. (*Packard* v. *Banton*, 264 U. S. 140; *Fifth Avenue Coach Co.* v. *New York*, 221 id. 467; *People* v. *Martin*, 203 App. Div. 423; affd., 235 N. Y. 550; *Public Service Commission* v. *Booth*, 170 App. Div. 590.)

The legislation attacked bears close analogy to the original statute in this State which gave a cause of action to recover damages for causing death, the amount of recovery being originally limited. This was approved and upheld. (*O'Reilly* v. *Utah, Nevada & California Stage Co.*, 87 Hun, 406; *Isola* v. *Weber*, 147 N. Y. 329, 333; *Matter of Meng*, 227 id. 264, 273.) So, too, employers' liability or workmen's compensation acts, wherein the employee's common-law action was taken from him under certain circumstances, have been consistently upheld. (*Matter of White* v. *N. Y. C. & H. R. R. R. Co.*, 169 App. Div. 903; affd., 216 N. Y. 653; affd., 243 U. S. 188.)

It follows, therefore, that the order denying plaintiff's motion to strike out the defense for insufficiency should be affirmed, with twenty dollars costs and disbursements, and, under the stipulation of the plaintiff, the order denying defendant's counter-motion for judgment on the pleadings reversed, with twenty dollars costs and disbursements, and motion granted dismissing the complaint, with ten dollars.

FINCH, P. J., MARTIN and TOWNLEY, JJ., concur; McAVOY, J., taking no part.

On plaintiff's appeal, order affirmed, with twenty dollars costs and disbursements.

On defendant's appeal, order reversed, with twenty dollars costs and disbursements and motion granted, with ten dollars costs.