In the Matter of MURRAY MELLMAN, Petitioner, against METROPOLITAN JOCKEY CLUB, INC., et al., Respondents.

Supreme Court, Special Term, New York County, May 13, 1949.

*Jacob Goldstein* for petitioner.

*Hirsh, Newman & Rosenson* for Metropolitan Jockey Club, Inc., respondent.

*Wingate & Cullen* for Queens County Jockey Club, Inc., respondent.

*Nathaniel L. Goldstein, Attorney-General (John P. Powers* and *Samuel A. Hirshowitz* of counsel), for State Racing Commission.

*Bleakley, Platt, Gilchrist & Walker* for Empire City Racing Association, Inc., respondent.

*George W. Phillips* for Westchester Racing Association, Inc., respondent.

*Brackett, Eddy & Dorsey* for Saratoga Association, Inc., respondent.

McGEEHAN, J. Upon the foregoing papers this motion presents an application by Murray Mellman to review a determination by Metropolitan Jockey Club, Inc., Westchester Racing Association, Inc., Empire City Racing Association, Inc., Queens County Jockey Club, Inc. and Saratoga Association, Inc., and the State Racing Commission, which allowed and permitted at the race tracks owned, maintained and operated by them in the State of New York daily double betting and wagering and further seek-

ing an order from this court to annul said determination and for a further order directing the respondents to desist from permitting or allowing or conducting in the State of New York, daily double wagering and betting and for an order directing the State Racing Commission to forbid such daily double betting and wagering and to revoke the licenses issued to the other respondents to operate race tracks and betting thereat in the State of New York.

The petitioner's basis for the relief sought is that the daily double wagering is " not pari-mutuel betting on horse races as permitted by Article I, § 9 of the Constitution of the State of New York and constitutes a violation of § 986 and § 991 of the Penal Law of the State of New York."

By his allegation that the acts complained of constituted a violation of the Penal Law the petitioner removes his application from the province of being granted equitable relief because it is fundamental that equity does not intervene in the enforcement of the criminal law. However, since there appears to be more than reasonable doubt as to the respondents' or any of them being guilty of a crime under the circumstances set forth this court will proceed to treat this application as one in equity seeking equitable relief under established principles.

The petition sets forth in paragraph marked " Fifteenth "; " That in and about the month of January, 1949, the respondents associations, each made a determination to permit, allow, conduct, maintain, and operate during the year 1949, at the race-tracks and race-courses, owned, maintained and operated by them in the State of New York, a lottery, bookmaking, gambling, pool-selling, a form of wagering on the result of two separate horse race contests daily at the race-tracks, owned, maintained, operated and controlled by the respondents associations, known as the daily double betting and did determine to sell and permit the sale to the patrons and public at their race tracks and race courses, tickets, known as DAILY DOUBLE tickets, in consideration of lawful money of the United States, as wagers and bets on the results of two separate horse-race contests, held daily at the said race-tracks and race-courses, owned, maintained, operated and controlled by the respondents associations, known as DAILY DOUBLE betting and wagering ".

The petition further alleges that the conduct pursued was not " pari-mutuel betting " but was in effect a lottery, book-making, pool selling and gambling, that the tickets were not vended from the " tote " machines and that the wagering on the daily double

was not immediately and electrically and mechanically displayed on the totalizator board as required by the Pari-Mutuel Law. The petition sets forth that section 10 of chapter 254 of the Laws of 1940 made special provision in relation to daily double pools which sanctioned sale of tickets on the daily double by means not mechanical or electrical and which did not make it obligatory to have the daily double pool computed and determined by a totalizator. As to this law the petitioner claims unconstitutionality and therefore invalidity. The petition sets forth in paragraph marked " Twenty-Ninth ": " That the acts of the respondents associations in permitting, allowing and conducting at their race-tracks of Daily Double betting and wagering, and the act of the respondent, State Racing Commission, in failing and refusing to forbid said acts as required and imposed upon it as a duty by law, endangers the health and morals and safety of the people of the State of New York, and of the petitioners' rights herein."

The affidavit of Joseph Goldstein, the attorney for the petitioner, on page 5, succinctly states, that " On information and belief, deponent avers that included among the Daily Double bettors, are idiots and imbeciles ". Notwithstanding the general reluctance of this court to comment on excerpts from affidavits submitted in judicial proceedings nevertheless, this allegation cannot be completely ignored without the court's noting that the affiant's conclusion in this respect founded merely " On information and belief " is more persuasive and convincing than his contention that section 10 of chapter 254 of the Laws of 1940 should be construed as unconstitutional because it deprives bettors on the daily double of equal protection afforded by the law (L. 1940, ch. 254, § 6) to bettors and that such deprivation is in violation of Amendment 14 of the Constitution of the United States. The New York Constitution (art. I, § 9) allows " pari-mutuel betting on horse races as may be prescribed by the legislature and from which the state shall derive a reasonable revenue for the support of government ". The Constitution makes no mention of mechanically operated machines. The Legislature by enacting section 10 of chapter 254 of the Laws of 1940 provided that the tickets sold for daily doubles need not be vended by a mechanical or electrical device nor was it required that the totals of the pool be computed and determined by a totalizator. To construe the law as permitting both machine and manual type of operation in vending pari-mutuel tickets, confining the machines to single races under section 6 and allowing manual type of vending in the case of daily double under section

10 of chapter 254 of the Laws of 1940 does not constitute unreasonable, arbitrary and capricious conduct on the part of the respondents. To ask the respondents to consider section 10 as unconstitutional is itself unreasonable since all statutes are presumed to be constitutional until otherwise adjudicated, and this court as a court of original jurisdiction upholds the constitutionality of said section.

Considering this application in its entirety the court finds that there is an insufficient basis in law and in fact to grant the relief sought and accordingly dismisses the petition, but without costs.

Settle order accordingly covering the respondents' cross motion.