Jack Stanislaw, J.
The' motion is for .a preliminary injunction enjoining and restraining the defendants from maintaining, operating or permitting the operation of a place of public assembly as a cabaret, bar or lounge, dance hall or discotheque establishment without having obtained .a license therefor, in accordance with a certain ordinance known as chapter VII, section 705 of the Unified Code of Ordinances of the Town of Babylon. Defendants, it appears, previously held .such a license. But it was suspended by the Town Building Inspector and has not been renewed since defendants have permitted at their establishment the activity known as “topless dancing ”, and said ordinance .specifically authorizes the Building Inspector to revoke the license of any person permitting such activity.
Defendants have not denied the acts alleged in the complaint. No answer has yet been interposed. But by way of cross motion, they seek to vacate the temporary restraining order provided for in the order to show cause by which the motion was brought, on the ground it is violative .of their constitutional rights.
To deny the motion and grant the cross motion would, in effect, deny the presumption of constitutionality ordinarily afforded a legislative enactment (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 150). But the presumption of constitutionality attaches to every statute and ordinance (Matter of Fay, 291 N. Y. 198; Jahn v. Berzon, 255 App. Div. 1023). Indeed, that presumption is so strong that our courts have imposed upon those who seek to attack the validity of a legislative enactment the burden of demonstrating their invalidity beyond a reasonable doubt and will strike down a legislative enactment only as a last unavoidable result (Matter of Van Berkel v. Power, 16 N Y 2d 37; Atkins v. Hertz Drivurself Stations, 237 App. Div. 31). Moreover, this presumption continues until such time that the statute or ordinance is adjudicated invalid by a.court of competent jurisdiction (Matter of Mellman v. Metropolitan Jockey Club, 195 Misc. 121). The appropriate procedure to *628 adjudicate the construction ,or the validity of a statute is an action for declaratory judgment (Bunis v. Conway, 17 A D 2d 207) and the proper forum for such adjudication is the Supreme Court (CPLR 3001; Matter of Mellman v. Metropolitan Jockey Club, supra). A lower court, of limited jurisdiction such as the District Court, has no authority to grant that remedy (see 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3001.11 and cases there cited). Thus, the decision relied on by defendants, rendered by the District Court in People v. Conte (dated July 3, 1969, 1st Dist., Suffolk County, Index No. Cr. 137, etc.) is not controlling. Moreover, in Town of Babylon v. Conte, a Supreme Court action involving the same litigants and substantially the same issues here involved, Mr. Justice Cohalah, by decision dated July 23, 1969, recognized the validity of the very same ordinance here in dispute. An order was entered thereon, granting plaintiffs summary judgment enjoining the same acts sought to be enjoined in this application. The decision of Mr. Justice Thom in Sorci v. Klein (dated October 3, 1969, Index No. 184029) is not in conflict with that decision. As stated therein: “ That case [decided by the Hon. Johh P. Cohalan] involved the Town’s right to license places of entertainment. In the present case we are not confronted with a licensing ordinance.”
Under the circumstances, the court finds no valid grounds, at this time, to deny the temporary injunction. The motion, therefore, is in all respects granted and the cross motion denied.