OPINION OF THE COURT
Leonard N. Cohen, J.
Petitioner moves for a turnover of escrow funds held by respondent’s attorney pursuant to respondent’s breach of a stipulation entered into between the parties and their attorneys in open court before a Housing Court Judge. This motion was commenced by show cause order signed by the same Housing Court Judge before whom the stipulation was negotiated and entered, but made returnable to the Civil Court *745 Judge presiding in the Housing Court calendar and motion part.
The sole ground of opposition warranting consideration is respondent’s contention that a Housing Court Judge lacks authority to sign such show cause orders and, therefore, the motion is improperly brought.
Under a Civil Court administrative directive No. 391 dated October 10, 1975, show cause orders "pertaining to summary proceedings to recover the possession of real property shall be signed only by the Judges presiding in the calendar part of the Housing Part * * * and by no other Judge” and "they shall be made returnable in said part”.
Such administrative directives are judicial guidelines without binding effect upon Judges. They are hortatory rather than mandatory in form and, as guidelines, are not calculated to interfere with the customary discretion accorded Civil Court Judges. (Kelly St. Block Assn. v Thompson, 64 AD2d 597.)
This directive was issued about three years subsequent to the enactment of section 110 of the New York City Civil Court Act establishing a Housing Court with appointive trial hearing officers and prior to the amendment of subdivision (e) of section 110 of the New York City Civil Court Act on August 11, 1977 effective September 1, 1977, which expressly conferred upon such hearing officers the power "to hear, determine and grant any relief within the powers of the housing part in any actions or proceeding except those to be tried by jury. Such hearing officers shall have the power of judges of the court to punish for contempts.”
The Housing Court Act was further amended effective June 18, 1978 renaming hearing officers as Housing Judges continuing the same broad powers as Civil Court or Acting Civil Court Judges to hear, determine and grant any relief within the powers of the housing part except for jury trials.
It is therefore clear that notwithstanding the 1975 administrative directive, the Legislature has authorized any Housing Judge, as well as any Civil Court or Acting Civil Court Judge, to grant concurrent Housing Court relief including the signing of show cause orders returnable before Housing Judges.
The 1978 legislative amendment of the Housing Court Act by establishing a new judicial office, Housing Judge, with judicial powers concurrent with a Civil Court Judge to grant *746 any relief other than a jury trial, raises not only administrative and policy considerations, but also a constitutional issue.
The basic origin of the Civil Court is constitutional under section 15 of article VI of the New York State Constitution which provides for Judges to be "chosen for terms of ten years by the electors of the counties included within the city of New York from districts within such counties established by law.”
The Housing Judges are not elected, but rather appointed for five-year terms by the court’s Administrative Judge from a list of persons selected annually by the advisory council for the housing part. (CCA, § 110, subds [f], [g], [i].)
Hearing officers, prior to the 1978 legislative amendment, authorized to hear and determine housing nonjury trials, were considered nonjudicial compulsory referees constitutionally exercising judicial functions. (Glass v Thompson, 51 AD2d 69.) However, the court (p 74) there pointed out that "since the hearing officer is not a Judge of the court, elected as specified in the Constitution, he must be a referee, or lack any power whatever.” The court further stated (p 73) "If the hearing officer is not a duly elected Judge, or one appointed to fill the unexpired term of such a Judge, and as we have seen, he is not, then he must be a form of referee, for that is the only nonjudicial office which exercises judicial authority.” This reasoning appears to cast doubt on the constitutionality of the recent legislative creation of a new judicial office called Housing Judge.
The State Senate Minority Leader memorandum in support of the 1978 Civil Court Act amendment pointed out that this legislation was "not intended to change the result in the Glass case”, but it makes no reference to the appellate court’s reasoning in that case, as set forth herein, which appears to raise the unconstitutionality of such a legislative name change. The memorandum also states the legislative purpose for renaming "hearing officer” to "Housing Judge” to be an improvement of the stature of such officers and a more "fitting” title to the position lending it "vitally needed dignity and greater respect to the court’s proceedings”.
This court is mindful, however, of the strong presumption of constitutionality of a legislative enactment, (Matter of Van Berkel v Power, 16 NY2d 37.) Such a presumption continues until such time that a statute is adjudicated invalid by a court of competent jurisdiction. The appropriate procedure to adjudicate the validity of a statute is an action for a declaratory *747 judgment (Bunis v Conway, 17 AD2d 207) and the proper forum for such adjudication is the Supreme Court (Town of Babylon v Conte, 61 Misc 2d 626; Matter of Voccola v Shilling, 88 Misc 2d 103). A lower court of limited jurisdiction, such as the Civil Court, has no authority to grant that remedy. (Weinstein-Korn-Miller, NY Civ Prac, par 3001.11, and cases thereunder.)
Accordingly, the court finds the respondent’s challenge to the show cause order signed by a Housing Judge to be insufficient as a matter of law. The court refers the motion to Housing Court Judge Ralph Waldo Sparks as a continuing jurisdictional matter properly before him involving these parties for final disposition for all purposes.