■ EDWIN A. URBAN, Respondent, v. BETTY W. URBAN, Appellant.— Order unanimously affirmed, without costs of this appeal to either party. Memorandum: In this action for annulment brought by the plaintiff-respondent husband on the ground that the defendant-appellant wife had an undissolved pre-existing marriage at the time she entered into a marriage ceremony with respondent, the appellant interposed an answer containing simply a general denial. The appeal herein is from Special Term's order denying appellant's motion for summary judgment. The affidavits of the parties and their attorneys allege, and are supported by documentary proof, that appellant was in fact legally married at the time she entered into the ceremony with respondent in 1945. The affidavits further show that in 1956 the parties entered into a property settlement agreement and a divorce was granted appellant in a Florida proceeding in which both parties appeared. Respondent further alleges that after the Florida divorce, he received information indicating that in 1952 appellant's first husband residing in England secured a divorce decree dissolving his marriage with appellant. In the light of the pleadings and particularly the appellant's answer which fails to set up any affirmative defense with reference to the Florida divorce, Special Term had no alternative but to deny the motion for summary judgment. Upon the inadequate record before us, we affirm Special Term's order but on the merits as gleaned from the affidavits, we call attention to *Stalter* v. *Statter* (2 N Y 2d 668) which might well ultimately determine the disposition of this action. (Appeal from order of Erie Special Term denying defendant's motion for summary judgment and dismissal of the complaint, in an annulment action.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■ ROBERT M. WEICHERT, Appellant, v. GEORGE A. KIRNIE, Respondent. — Order unanimously reversed and motion addressed to the County Court to open the defendant's default denied, without prejudice to the making of a motion in the Police Justice Court; the transcript of the judgment filed with the County Clerk vacated, and all proceedings on the part of the plaintiff to enforce the judgment stayed pending the making and determination of such a motion, provided that it is made within 20 days after the entry of the order herein, all without costs. Memorandum: The circumstances plainly warranted the opening of the defendant's default, but the motion to open the default should have been made in the Police Justice Court and not in the County Court (*Quackenbush* v. *Johnston*, 249 App. Div. 452). However, the plaintiff should be stayed from taking any proceedings to enforce the judgment pending the making of a motion to open the default in the Police Justice Court. (Appeal by plaintiff from order of Special Term of Onondaga County Court granting motion of defendant to set aside a default judgment and granting leave to answer.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.

■ DAVID J. ELMER, Appellant, v. JOHN B. BYRD et al., Respondents.— Order unanimously affirmed, without costs of this appeal to any party. (Appeal from order of Monroe Special Term denying plaintiff's oral motion for denial of defendant's motion for discovery and inspection of plaintiff's Federal income tax returns of 1959 and 1960 and resettling order of November 9, 1961 which granted motion of defendant Byrd for discovery and inspection of said returns.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ. [32 Misc 2d 408.]