## (February 20, 1968)

MURRAY BRENNER, Appellant, v. ARTERIAL PLAZA, INC., Respondent.—GABRIELLI, J. Appeal from an order of the Supreme Court at Special Term entered in Fulton County which granted respondent's motion to vacate a default judgment. The appellant brought an action for services rendered, in New York County, and upon a failure of appearance, a default judgment was entered in the office of the Clerk of New York County. Thereafter a transcript of the judgment was filed in the Fulton County Clerk's Office. The respondent moved to vacate the default, laying the venue of the motion in Saragota County and, in granting the requested relief, Special Term overruled respondent's objection to its jurisdiction, reasoning that the filing of the transcript in Fulton County afforded jurisdictional grounds for the application. The provisions of CPLR

5015 (subd. [a]) which deals with vacating default judgments, require that such an application must be made in the court which rendered the judgment for it plainly states that "The court which *rendered* a judgment or order may relieve a party from it". (Emphasis supplied.) While a transcript of the judgment may be filed in any other county of the State, such action merely provides an aid to the enforcement of the original judgment rendered by the court where the action is triable. CPLR 2212 (subd. [a]) provides that "A motion on notice in an action in the supreme court shall be noticed to be heard in the judicial district where the action is triable" and the place where an action is triable is defined by CPLR 105 (subd. [o]) as "after entry of judgment, the place where the judgment was entered". While a transcript of judgment can be "docketed" in another county it is "entered" but once and by but one court and in the court wherein the action was commenced and proceeded to judgment. Appellant's timely objection to the venue of the motion was properly made and should have been sustained. In view of the conclusion reached, we do not pass on any other objections. Order reversed, on the law and the facts, without costs, and without prejudice · to an application for the same relief in New York County. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.