John A. Monteleone, J.
In this article 78 proceeding for a writ of prohibition, petitioner seeks an order directing respondent, Norman H. Shilling, Judge of the Civil Court of the City of New York, to cease further proceedings in a matter now before him entitled City of New York (PVB) against Stephen F. Browne.
A brief review of the facts is required in order to properly address the issues presented herein.
Six parking violation summonses were issued against respondent Browne’s vehicle. When Browne failed to pay the tickets or otherwise answer or appear in response to the summonses, two default judgments were rendered by the Parking Violations Bureau (PVB) pursuant to article 2-B of the Vehicle and Traffic Law (§ 241, subd 2) and chapter 40 of the New York City Administrative Code (§ 883a-7.0, subd b). (At this point, the court notes that chapter 40 of the New York City Administrative Code, which was enacted first, is substantially in conformance with article 2-B of the Vehicle and Traffic Law.) Browne failed to pursue the remedies available to him for avoiding or vacating the default judgment as provided in subdivision 2 of section 241 and section 242 of the Vehicle and Traffic Law and subdivision b of section 883a-7.0 and section 883a-8.0 of the Administrative Code. Instead, he moved in the Civil Court by order to show cause "restraining the Parking Violations Bureau from enforcing their [default] judgment dated March 20, 1975 against the defendant [Browne] for parking violations, pending a review to be heard before said Parking Violations Bureau and to determine the legality and constitutionality of the procedures of the Parking Violations Bureau, and to determine the facts in this matter.”
The order to show cause came on to be heard before Judge Shilling, who denied the PVB’s motion to have it dismissed on the grounds of lack of jurisdiction of the Civil Court. Judge Shilling signed the order and directed that a hearing be held on the matter commencing on September 23, 1976. On the second day of the hearing, September 24, the PVB brought on the instant order to show cause for a writ of prohibition, and Judge Shilling was stayed from proceeding further.
The issues involved are twofold: (1) does Judge Shilling, as a Judge of the Civil Court, have jurisdiction over the matter before him; and (2) in the event it is found that he does not have jurisdiction, may and should this court issue a writ of prohibition restraining him from proceeding further?
*105 To properly resolve the first of these questions, the court must initially determine the nature of the relief sought by Browne in his order to show cause. The answer is not readily discernible from the order itself and even Judge Shilling, at one point during the course of the hearing, stated: "I haven’t even gotten into anything in my own mind as to where we are going on this particular motion. I don’t want to prejudice my thinking.” Nevertheless, other comments and statements for the record, made by Judge Shilling, along with the previously quoted language of the order to show cause, sufficiently reveal that the order partakes of three alternative types of relief: (a) vacating the default judgment; (b) judicially reviewing the default judgment; and (c) determining the constitutionality of the PVB and the procedures followed by them.
As to each of the relief, this court will now consider seriatim whether the Civil Court has jurisdiction.
VACATING THE PVB DEFAULT JUDGMENT
Statutory authority for vacating a default judgment in general is found in CPLR 5015 (subd [a]) (Levine v Berlin, 46 AD2d 902; Brenner v Arterial Plaza, 29 AD2d 815; 5 Weinstein-Korn-Miller, NY Civ Prac, par 5015.04), which provides in part as follows:
"Rule 5015. Relief from judgment or order.
"(a) On motion. The court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of:
"1. excusable default” (emphasis added). In addition, a court has inherent power, not limited by the provisions of CPLR 5015, to set aside a default judgment in the interests of justice (Ladd v Stevenson, 112 NY 325, 332; Michaud v Loblaws, 36 AD2d 1013; 5 Weinstein-Korn-Miller, NY Civ Prac, par 5015.12).
But whether the court is exercising its inherent power or that pursuant to the statute, it is clear that it may do so only with respect to its own judgments (Michaud v Loblaws, supra). As was said in Michaud (p 1014) in describing a court’s inherent power: "Courts have control over their own proceedings, and in its exercise may open their own judgments for sufficient reason and in the furtherance of justice [citation omitted].” Likewise, CPLR 5015 subd [a] expressly provides *106 that only the court which rendered the judgment may relieve a party from a default (see emphasized language quoted, supra). (Levine v Berlin, 46 AD2d 902, supra; Brenner v Arterial Plaza, 29 AD2d 815, 816, supra.)
Under these principles of law, therefore, Judge Shilling would have no authority to vacate a Parking Violations Bureau default judgment unless said judgment can be regarded as having been rendered or granted in the Civil Court. Is a Parking Violations Bureau judgment a Civil Court judgment?
The Parking Violations Bureau in the City of New York is an administrative agency created by legislative fiat in 1969 (L 1969, ch 1075, amdg § 155 of Vehicle and Traffic Law and adding title A — Parking Violations Bureau — to ch 40 of the Administrative Code of City of New York, § 883a-1.0 et seq.). The reasons for its enactment and that of the companion legislation relating to moving violations (L 1969, ch 1074, adding art 2-A to Vehicle and Traffic Law, § 225 et seq.) were to decriminalize most traffic infractions in New York City; remove them from the jurisdiction of the overcrowded Criminal Courts in the city, and transfer the adjudication of these violations to administrative agencies where only monetary penalties could be levied (Matter of Rosenthal v Hartnett, 36 NY2d 269, which upheld the constitutionality of art 2-A of the Vehicle and Traffic Law, transferring the cognizance of traffic infractions to an administrative agency; Statement of Findings and Purposes, L 1969, ch 1074, § 1; Governor’s Memoranda, NY Legis Ann, 1969, pp 456, 480).
Nowhere in this legislative history or within the purview of the statute itself is there any indication that the Parking Violations Bureau was to become an arm of the Civil Court or under its jurisdiction. Rather, the agency’s relationship to the courts was succinctly described in the Governor’s Memoranda (supra) as follows:
"The overwhelming majority of traffic cases, involving both moving and parking violations, will be removed from the courts * * *
"Under these bills, the rights of motorists will be fully safeguarded by appropriate administrative procedures. An administrative appeal will be provided for both parking and moving violations. Beyond that, an appeal to the Supreme Court under Article 78 of the Civil Practice Law and Rules also will be authorized.”
*107 Notwithstanding this well-documented legislative background, respondents maintain that a judgment of the PVB is a Civil Court judgment. Their arguments are twofold: (1) the judgment is entered in the Civil Court pursuant to section 241 (subd 2, par [3]) of the Vehicle and Traffic Law; and (2) the judgment is enforced and executed upon as though it were a Civil Court judgment.
To respond to these claims in the context of the instant motion, the court must first turn back to the requirement of CPLR 5015, that only the court which rendered a judgment may relieve a party from it. "To render a judgment” is defined as: "To pronounce, state, declare or announce the judgment of the court in a given case * * * and [is] not synonymous with 'entering,’ 'docketing’ or 'recording’ the judgment” (Black’s Law Dictionary [4th ed]).
The rendition of a judgment is a judicial act of the court, while the entry of the judgment is simply the ministerial act of the clerk in recording it as evidence of the judgment (Vogel v Edwards, 283 NY 118, 121; Dowling v Stephan, 206 Misc 518, 522). The judicial functions of the court are completed when it has rendered its judgment (Vogel v Edwards, supra).
Can it be said that the Civil Court renders the judgment in parking violation cases? An affirmative answer would run contrary to the objectives of the legislative creation of the Parking Violations Bureau, giving it exclusive jurisdiction to adjudicate all parking violation cases. Moreover, the clear wording of the statutes leaves the adjudication, whether it be a default judgment or a determination on the charges, to the administrative agency or its personnel therein (Administrative Code of City of New York, §§ 883a-7.0 and 883a-8.0; Vehicle and Traffic Law, §§ 241 and 242). At no step of this administrative process is there any provision for Civil Court adjudication, or, to put it another way, the Civil Court performs no judicial function in the rendering of the judgment (Dieffenbach v Roch, 112 NY 621, 626; Quackenbush v Johnston, 249 App Div 452, 454). The Civil Court’s sole involvement is to serve as the court in which the judgment is to be entered, after the judgment has been rendered by the Parking Violations Bureau (Vehicle and Traffic Law, § 241, subd [2]). To further divorce the Civil Court from any role in the adjudication process, the statutes even provide that resort shall be had to the Supreme Court in the case of the refusal of a witness to obey a subpoena (Administrative Code of City of New York, *108 § 883-6.0, subd [5]; Vehicle and Traffic Law, § 240, subd 2, par e).
Finally, in this regard, the Civil Court of the City of New York is a court of limited jurisdiction, whose authority is circumscribed by the New York State Constitution (art VI, § 15, subd b). The Constitution does not give the court any jurisdiction to hear and determine parking violations, nor does the Civil Court Act, enacted pursuant thereto, confer any such authority (see CCA, art 2, § 201 et seq).
Consequently, it must be concluded that a default judgment of the PVB is a judgment rendered exclusively by that administrative agency and not by the Civil Court, and, further, that it was never meant to be nor does it ever become a judgment of the Civil Court. The subsequent entry of the judgment in the Civil Court does not make it a Civil Court judgment (see Tower Sales Corp. v Byrd, 46 Misc 2d 1041, 1042); nor does its filing there give the Civil Court jurisdiction to consider an application to vacate the default judgment (Brenner v Arterial Plaza, 29 AD2d 815, 816, supra; Weichert v Kirnie, 16 AD2d 744; Lintern v Lintern, 58 Misc 2d 335; Tower Sales Corp. v Byrd, supra). The docketing of the judgment merely provides an aid to the enforcement or collection of the original judgment rendered by the PVB (Brenner v Arterial Plaza, supra; Quackenbush v Johnston, 249 App Div 452, 454, supra; Lin-tern v Lintern, supra). Likewise, the execution of the judgment through the Civil Court serves the same purpose and does not relate to the rendering of the judgment. Thus, contrary to respondent’s assertion, these factors do not convert a PVB judgment into a Civil Court judgment.
These conclusions are consistent with the position of the Civil Court as reflected in a directive to Judges and clerks, dated August 31, 1972, issued by Administrative Judge Thompson re motions pertaining to Parking Violations Bureau (PVB). The directive begins by stating that "Orders to show cause concerning any judgment sought or obtained by the Parking Violations Bureau (PVB) shall not be signed”, and concludes with this paragraph: "Do not be misled by the fact that the papers presented to you may recite that the PVB judgment in question was or will be entered in the Civil Court. Such entry is pro forma and only designed to allow levy and execution by City Marshals and for no other purpose. As such they are not judgments of this court.” (Emphasis added.)
While Judge Thompson’s directive does not necessarily have *109 the force of law, it correctly portrays the status of a PVB judgment and the fact that it is not a judgment of the Civil Court. To hold otherwise would emasculate the intent of the Legislature in creating the PVB and removing parking violations from the primary jurisdiction of the courts.
Thus, if a PVB judgment is not a judgment of the court in the first instance and does not become one by virtue of its entry or execution in the Civil Court, then the inescapable conclusion is that the Civil Court is without statutory or inherent powers to vacate a default judgment of the PVB. Accordingly, Judge Shilling acted without jurisdiction in signing the order to show cause and hearing a matter pertaining to the vacatur of a default judgment of the PVB.
JUDICIAL REVIEW OF THE PVB DEFAULT JUDGMENT
By express statutory provision, the final determinations of the PVB, which would encompass default judgments at an earlier step, are subject to judicial review pursuant to CPLR article 78 (Administrative Code of City of New York, § 883a-9.0; Vehicle and Traffic Law, § 243). An article 78 proceeding must, however, be brought in the Supreme Court (CPLR 7804, subd [b]; Pressley v Foote, 355 NYS2d 829; Matter of Sovocool v David, 7 AD2d 262, 266). The Civil Court has no jurisdiction to grant article 78 relief Matter of Anonymous, 57 Misc 2d 813).
Accordingly, Judge Shilling has no authority to review a determination (i.e., the default judgment herein) of the PVB.
It is unnecessary for this court to pass on the question of whether even a properly instituted article 78 proceeding in the Supreme Court would have entitled respondent Browne to any relief, inasmuch as the respondent failed to pursue his administrative remedies as provided by statute (Administrative Code of City of New York, §§ 883a-7.0, 883a-8.0; Vehicle and Traffic Law, §§ 241, 242).
DETERMINING THE CONSTITUTIONALITY OF THE PVB
The nature, of the hearing thus far had before Judge Shilling clearly reveals that, in response to the relief requested by respondent Browne in his order to show cause, Judge Shilling was examining into the constitutionality of the *110 legislation creating the PVB. And notwithstanding Judge Shilling's declaration to the contrary, this court finds in this regard that he was conducting the matter as though it were an action for a declaratory judgment, which is the appropriate procedure to adjudicate the constitutional validity of a statute and the procedures pursuant thereto (Town of Babylon v Conte, 61 Misc 2d 626, 627-628).
Jurisdiction over declaratory judgment actions has been vested exclusively in the Supreme Court (CPLR 3001; New York Post Corp. v Kelley, 296 NY 178, 188; Town of Babylon v Conte, supra, p 628). A lower court of limited jurisdiction (such as the Civil Court) has no authority to render a declaratory judgment (Town of Babylon v Conte, supra, p 628; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3001.11).
Section 212 of the CCA which provides, "In the exercise of its jurisdiction the court shall have all of the powers that the supreme court would have in like actions and proceedings” cannot be availed of to give the Civil Court the requisite jurisdiction. That section does not expand the jurisdiction of the court so as to confer upon it equitable powers not expressly granted elsewhere (Rottenberg v Cirillo, 58 Misc 2d 309). Rather, the powers referred to are incidental, and not primary, to the exercise of proper jurisdiction, viz., the comparable powers of the Supreme Court are exercisable by the Civil Court only in those cases over which the Civil Court can exercise jurisdiction in the first instance (Kwoczka v Dry Dock Sav. Bank, 52 Misc 2d 67, 71-72; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3001.11). A declaratory judgment is not such a case.
Accordingly, under the circumstances of the order to show cause presented to Judge Shilling by respondent Browne, Judge Shilling has no jurisdiction to hear and determine the constitutionality of the PVB.
WRIT OF PROHIBITION
An article 78 (CPLR) proceeding in the nature of prohibition is designed to prevent an inferior court from proceeding with a judicial matter over which it has no jurisdiction or to prevent it from exceeding its authorized powers in a case over which it has jurisdiction in the first instance (Matter of Lee v County Ct. of Erie County, 27 NY2d 432, 436-437). Prohibition is an extraordinary remedy issued in the sound discretion of *111 the court where the grievance cannot be redressed by ordinary proceedings at law or in equity (Matter of Hogan v Court of Gen. Sessions, 296 NY 1, 8; Matter of Roberts v County Ct. of Wyoming County, 39 AD2d 246, 248, affd 34 NY2d 246). Furthermore, a writ of prohibition is not usually available if there be an adequate remedy by way of appeal (Matter of Lee v County Ct. of Erie County, supra, p 437; Matter of Roberts v County Ct. of Wyoming County, 34 NY2d 246, 249, supra). Nevertheless, where the lower court is exceeding its jurisdiction and the writ furnishes a more effective remedy, it may be availed of even though the error might be corrected by appeal (Lee v County Ct. of Erie County, supra, p 437).
The case at bar comes well within this last stated principle. As this court has found, Judge Shilling is exceeding his authority as a Civil Court Judge by acting in a matter over which the Civil Court has no jurisdiction. The proceeding before him has already resulted in a transcript of nearly 200 pages. More witnesses, involving an unnecessary expense and burden on their time as well as on that of the court and the parties, are anticipated, all of which will be for naught (see Matter of Culver Contr. Corp. v Humphrey, 268 NY 26, 40). Judge Shilling has no power to vacate or review the PVB default judgment or determine the constitutionality of the enabling legislation. Consequently, this court concludes that it would be abusing its discretion herein if it were to permit Judge Shilling to continue his unauthorized proceeding simply because an appeal is available to the PVB at the conclusion of the hearing and after the Judge’s determination therein. Under the circumstances of this case, it is far better to prevent the exercise of an unwarranted assumption of jurisdiction than to be driven to the necessity of correcting this usurpation after it has been committed (Milonas v Schwalb, 65 Misc 2d 1042, 1044).
Accordingly, petitioner’s motion for a writ of prohibition should be and is granted. Judge Shilling is hereby directed to cease further proceedings in the matter entitled City of New York (PVB) against Stephen F. Browne (Docket No. CC-17238) and to dismiss Browne’s order to show cause as being beyond the jurisdiction of the Civil Court. This decision is without prejudice to Browne pursuing any other remedies properly available to him.