■ · ROBERT F. WOOD, P. C., Respondent, v ROBERT E. FORD, Appellant— Order unanimously vacated, without costs, in accordance with the following memorandum: For lack of jurisdiction County Court erred in entertaining defendant's motion to vacate the default judgment entered in City Court. The fact that a transcript of the judgment had been filed with the County Clerk for enforcement purposes did not make it a County Court judgment. Thus, a motion to vacate the judgment must be made to the court that rendered it (CPLR 5015, subd [a]; *Brenner v Arterial Plaza,* 29 AD2d 815; *Weichert v Kirnie,* 16 AD2d 744; *Matter of Voccola v Shilling,* 88 Misc 2d 103, 105-109, affd 57 AD2d 931; Siegel, NY Practice, § 422, p 562). Since a motion to vacate a judgment entered without jurisdiction may be made at any time to the court which rendered it, the vacatur of the order appealed from is without prejudice to defendant renewing his motion in City Court. Plaintiff is stayed for a period of 20 days from proceeding to enforce the judgment. (Appeal from order of Monroe County Court—vacate default judgment.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.

■ In the Matter of PAUL SZEMKOW, Respondent, v COUNTY OF ONONDAGA, Appellant.—Order unanimously affirmed, with costs, for the reasons stated at Special Term, Murphy, J. (Appeal from order of Onondaga Supreme Court—notice of claim.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.

■ BONITA M. MINCER, Appellant, v JAMES A. MINCER, Respondent.— Order unanimously modified, and, as modified, affirmed, without costs, in accordance with the following memorandum: Pending plaintiff wife's motion in this matrimonial action to strike paragraph "TWELFTH" of defendant's answer and counterclaim, defendant husband served an amended pleading deleting the objectionable allegations and cross-moved to strike the case from the calendar because of the incorrectness of material facts set forth in the certificate of readiness filed by plaintiff, and for counsel fees pursuant to section 237 of the Domestic Relations Law. Plaintiff appeals from an order of Special Term which denied her motion to strike paragraph "TWELFTH" and to dismiss defendant's cross motion and granted defendant's motion to strike the case from the Trial Calendar and directed plaintiff to pay the sum of $150 for "court costs per 8202 CPLR and attorney's fees". Plaintiff's motion to dismiss paragraph "TWELFTH" of the original answer and counterclaim is rendered moot since the defect in the original was cured by the amended pleading (3 Weinstein-Korn-Miller, NY Civ Prac, par 3025.07). Further, defendant is not entitled to costs on his cross motion or to counsel fees since the court failed to fix costs (CPLR 8202) and defendant made no showing of circumstances sufficient to permit the court to exercise its discretion under section 237 of the Domestic Relations Law (as amd by L 1980, ch 281, § 10) (see 11B Zett-Edmonds-Schwartz, NY Civ Prac, par 38.06, subd [4], par [a]; *Albanese v Albanese,* 75 AD2d 987). Accordingly, the order is modified by vacating decretal paragraphs one and three. (Appeal from order of Ontario Supreme Court—strike from calendar.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.