OPINION OF THE COURT
Richard Lee Price, J.
This is an article 78 proceeding in which petitioner seeks to challenge a determination of respondent Parking Violations Bureau (PVB) because the infraction of the parking rules occurred on a Sunday. Petitioner urges that no “parking tickets” should be given on Sundays because service of civil process cannot be made on that day (General Business Law, § 11). However, section 11 of the General Business Law also states that process may be served “in criminal proceedings or where service or execution is specially authorized by statute.” Parking violations, and traffic infractions in general, have always been quasi-criminal in nature. Until 1970, they were adjudicated in the Criminal Court of the City of New York, and no one at that time could argue that a “traffic ticket” or “summons” did not fit into the clear exception of section 11 of the General Business Law.
In 1969, the law (Vehicle and Traffic Law, § 155) was amended so as to create the PVB as an administrative agency, and to transfer the authority to hear such matters from the Criminal Court to the PVB, in order to relieve congestion in the Criminal Court. It was not the intent of *850 the Legislature to change the nature of the parking violation but merely to change its place of hearing (Matter of Voccola v Shilling, 88 Misc 2d 103).
It is the opinion of this court that a notice of violation for illegal parking may be served on a Sunday.
Accordingly, the application is denied and the petitioner is dismissed.