OPINION OF THE COURT
Joseph P. Kuszynski, J.
In this CPLR article 78 proceeding, petitioner, the City of Buffalo, seeks an order compelling the respondents, A. Lee Gagnon, as Chief Clerk of the City of Buffalo, the County of Erie and Genevieve M. Starosciak as the County Clerk of Erie County, to accept for filing the transcripts of judgments of the Buffalo Parking Violations Bureau, hereinafter referred to as “PVB”.
Respondents, the County of Erie aftd Genevieve Starosciak, submitted an answer, basically a general denial wherein a dismissal is sought of the petition because it “fails to state a cause of action” against either respondent.
Respondent, A. Lee Gagnon, on the other hand did not respond with an answer, but appears and moves pursuant to CPLR 7804 (subd [f]) to dismiss on objections in point of law.
*111 The first point being that the “entry of judgments within the City Court is governed by CPLR 3215” and that the PVB transcripts of judgments being default judgments, do not meet the requirements of 3215 (subd [e]). The second objection in point of law is grounded on the lack of statutory authority “permitting or allowing the PVB to make and enter ‘transcript of judgments’ in the City Court.” The third objection in point of law is qualified, thus that if “some duty exists, on respondent’s part to accept and file the ‘transcript of judgment’ at issue herein”, that “respondent is entitled to a fee of twenty (20) dollars for the filing”.
It is represented to this court that this is matter of first impression.
The Buffalo Parking Violations Bureau is an administrative agency created pursuant to article 2-B of the Vehicle and Traffic Law. (Vehicle and Traffic Law, § 235.) One of its legislatively mandated powers is to enter judgments and enforce them, without court proceedings, in the same manner as the enforcement of money judgments in civil actions in any court of competent jurisdiction or any other place provided for the entry of civil judgments within the State of New York. (Vehicle and Traffic Law, § 235, subd 5.)
Pursuant to its responsibilities, the petitioner PVB attempted to file judgments with the respondent, A. Lee Gagnon, in the City Court of Buffalo and with the respondent, Genevieve M. Starosciak, in the office of the Erie County Clerk. Both have refused PVB’s filing of its transcripts of judgment.
Respondent Starosciak argues that her refusal was proper because PVB had not first filed its judgment with the clerk of the Buffalo City Court before submitting its transcripts of judgments for filing with her office. (CPLR 5018.)
Subdivision 5 of section 237 and section 241 of the Vehicle and Traffic Law, authorize the PVB to enter and file its judgments in the same manner as if it were a civil court of competent jurisdiction. It appears that this enabling legislation overcomes the technical procedural objections of the respondent, Gagnon. These statutes have *112 cloaked the PVB with authority to enter judgments in the City Court of Buffalo, and the clerk’s office of the Buffalo City Court has a duty to accept them.
Respondent Gagnon’s reliance on CPLR 3215 is misplaced. Many, but not all judgments of the PVB are of the default category. Those judgments which are default in nature must be obtained pursuant to section 241 of the Vehicle and Traffic Law.
As an administrative agency, the PVB is compelled to follow the procedures as mandated by the laws which created it. The PVB only becomes quasi-judicial for the filing and enforcement of its judgments and a distinction must be drawn between adjudication and enforcement. When the Buffalo City Court Clerk’s office examines PVB default judgments presented for filing, it is to be guided by subdivision 5 of section 237 and section 241 of the Vehicle and Traffic Law, and not CPLR 3215. (1976 Atty Gen [Inf Opns] 303.)
Although the PVB is not a court, its judgments must be treated like those of a court of competent jurisdiction for the purpose of filing. (Vehicle and Traffic Law, § 237, subd 5; Matter of Voccola v Shilling, 88 Misc 2d 103.)
As the geographic and subject matter jurisdicion of the PVB is similar to the City Court of Buffalo, this court would then be the court of “competent jurisdiction” proposed by subdivision 5 of section 237 of the Vehicle and Traffic Law and the Buffalo City Court Clerk’s office would then be required to file PVB judgments.
On the other hand, the Erie County Clerk’s office, is a constitutionally established office servicing the Supreme Court, County Court and Family Court. (NY Const, art XIII.) The PVB’s ability to file in this office is guided by the phrase “or any other place provided for the entry of civil judgment within the state of New York”. (Vehicle and Traffic Law, § 237, subd 5.) PVB judgments must then be handled as a “civil court” money judgment similar to those of the Buffalo City Court. Such judgments may only be filed in the Erie County Clerk’s office via the conduit of “a transcript of the docket of a judgment of a court other than the supreme, county or a family court”. (CPLR 5018, subd [a].)
*113 Because there are irreconcilable differences between the enactment which created the PVB and the defined powers and duties of the county clerk’s office, a constitutionally created office, permissive legislation would be necessary to accomplish what the petitioner seeks for the PVB, a direct filing of PVB judgments in the county clerk’s office for the purpose of enforcing the collection of fines levied for parking violations.
This court finds it necessary, therefore, if the PVB seeks to file a transcript of its judgment in the Erie County Clerk’s office, to first file the judgment in the City Court of Buffalo, transform it in essence to a Buffalo City Court judgment, and then file it with the county clerk.
As for the issues concerning the filing fees, it appears that the statutorily mandated fee schedules of the respective clerk’s offices do not fall under the procedural exemption of subdivision 5 of section 237 of the Vehicle and Traffic Law wherein it stated “without court proceedings”. Here again, action by State Legislature would also be necessary for the PVB to be exempt from the requirements of section 1911 (Fees) of the Uniform City Court Act.
The PVB must therefore pay the $20 fee when filing transcripts of judgments in the City Court of Buffalo. It appears the petitioner does not dispute and agrees that PVB has to pay the $3 filing fee of the Erie County Clerk’s office.
This court construes the conflicting interpretation of the powers and rights vested in the Buffalo Parking Violations Bureau as set forth in article 2-B of the Vehicle and Traffic Law as imposing the duty upon the respondent, A. Lee Gagnon, Chief Clerk of the City Court of Buffalo, to accept transcripts of judgments of the PVB for filing, conditioned however, upon the bureau’s first paying the statutorily required filing fee.
Due to the filing of a formal answer by the County Attorney, issue has been joined with respect to the respondents, the County of Erie and Genevieve M. Starosciak, as County Clerk of the County of Erie, and therefore, this court procedurally is in a position to enter judgment confirming the determination of the respondent, Genevieve M.
*114 Starosciak, Erie County Clerk, that PVB judgments and judgment rolls must first be filed in the City Court of Buffalo, before being accepted for filing in her office.
As for the respondent, A. Lee Gagnon, Chief Clerk of the City of Buffalo, in the absence of an answer, this court procedurally can rule only on the objections in point of law filed by the State Attorney-General’s office appearing on her behalf.
Therefore, her motion to dismiss, based on the first and second objections in point of law is denied. The motion based on the third objection in point of law, is granted insofar as it is necessary that PVB make a payment of the statutory fee before filing.
Respondent, A. Lee Gagnon, raised the objections in point of law by a motion, therefore, pursuant to CPLR 7804 (subd [f]) she must be permitted to answer. Such answer shall be served and filed within five days after the service of the order with notice of entry.