OPINION OF THE COURT
Herman Cahn, J.
Defendants move pursuant to CPLR 510 (1) and 511 to transfer venue of this action to Queens County on the ground that plaintiffs’ designation of venue in New York County was improper. This motion raises an issue of apparent first impression concerning the venue of a plenary action to vacate a judgment by confession, where the county in which the confession of judgment was entered is not the residence of any of the parties at the time when the subsequent action is commenced. This motion also raises an interesting question pertaining to when a party waives or forfeits its right to demand a change of venue "as of right” pursuant to CPLR 510 (1), and is relegated solely to seeking to change venue on discretionary grounds. (See, CPLR 510 [2], [3].)
This court holds that an action to vacate a confession of judgment is properly venued in the county where the underlying judgment was entered, even where none of the parties reside in that county at the time of commencement of the second action.
BACKGROUND
Plaintiffs bring this action to set aside a judgment by confession entered in New York County in 1992, on the grounds that it was procured by coercion and duress.
When the judgment was entered, two of the plaintiffs were residents of New York County. Currently, none of the parties reside in this county — plaintiff Ben-Har Holding Corp.’s principal office is located in Queens County and the remaining parties reside in Nassau County.
Following the commencement of this action, defendants made a motion to dismiss the complaint pursuant to CPLR 3211. In an order dated July 10, 1995, this court dismissed three of the six causes of action set forth in the complaint. In connection with the motion to dismiss, defendants never raised any claim with respect to the venue of the action. On or about August 8, 1995, defendants served an answer. Thereafter, on *300 August 15, 1995, plaintiffs served an amended complaint. The amended complaint was nearly identical to the original complaint, except that it omitted the three stricken causes of action. On or about August 21,1995, defendants served an answer to the amended complaint, together with a demand for change of place of trial (the Demand) seeking to change the venue of this action from New York County to Queens County (CPLR 511 [a]).
Plaintiffs contend the motion should be denied because (a) New York County, the county designated by plaintiffs for this action, is a proper forum for this action because this is the county where the judgment by confession was entered, and (b) defendants failed to comply with CPLR 511 (a) in that they failed to serve the demand "with the answer or before the answer is served”, and (c) defendants have already availed themselves of the benefits of this court both in this action and in the prior action.
A. Venue in an Action to Vacate a Confession of Judgment
The conclusion that venue is proper in the county in which the underlying judgment by confession was entered is supported by statutory and policy considerations as well as relevant case law in analogous situations, i.e., where a plenary action is commenced which seeks enforcement or some other relief relative to an existing action or judgment.
CPLR 3218 governs judgments by confession and reflects a carefully devised scheme providing for entry of judgment by the clerk of the county in which the debtor resides (or if the defendant resides outside the State, in the county designated by the parties). That section requires that a judgment by confession be entered pursuant to an affidavit executed by the defendant "stating the sum for which judgment may be entered, authorizing the entry of judgment, and stating the county where the defendant resides or, if he is a non-resident, the county in which entry is authorized”. (CPLR 3218 [1].) If the requirements set forth in CPLR 3218 are not scrupulously followed, the judgment by confession will be considered invalid. (See, Irons v Roberts, 206 AD2d 683 [3d Dept 1994] [a judgment by confession may be entered only in the county designated in the debtor’s affidavit — entry of a judgment by confession in an unauthorized county will render the judgment void pursuant to CPLR 3218 (b)].)
Although it is well settled that a plenary action, rather than a simple motion, is required to vacate a judgment by confes *301 sion (Scheckter v Ryan, 161 AD2d 344 [1st Dept 1990]), the question of whether CPLR 5015 (a) (3) has any application under the circumstances presented here has never been squarely decided.[1] In Scheckter, the Court stated: "We observe that under CPLR 5015 (a) (3) a court which 'rendered’ a judgment may vacate it upon motion based on fraud or misrepresentation. However, the words 'render * * * judgment’ refer generally to the pronouncement of the court’s judgment on a given state of facts and are 'not used with reference to judgments by confession’ (Black’s Law Dictionary 1460 [4th ed]). In any event, CPLR 5015, even if applicable, provides only that the court may relieve a party from a judgment in the circumstances specified. In the light of the numerous factual issues raised, we have concluded that the IAS court properly exercised its discretion in denying the motion, with leave to commence a plenary action to vacate the judgment.” (161 AD2d, at 345, supra.)
Plaintiffs, relying on CPLR 5015 (a), contend that New York County, the county designated by them for the venue of this action, is proper because this is the county where the judgment was entered. (Brenner v Arterial Plaza, 29 AD2d 815 [3d Dept 1968].) Defendants deny any applicability of CPLR 5015 (a) (3) whatsoever to the case at bar and take the position that a judgment by confession is simply a judgment of the Supreme Court of the State of New York, which any other Supreme Court of New York is empowered to vacate. (See, Matter of Schneider v Aulisi, 307 NY 376, 381 [1954]; Sohn v Calderon, 78 NY2d 755 [1991]; 4 Weinstein-Korn-Miller, NY Civ Prac 3211.09, at 32-49.)
Despite the legal formality requiring the commencement of a plenary action to challenge the validity of a judgment by confession, in reality, the latter action is an adjunct or an outgrowth of the prior action. Whether or not CPLR 5015 (a) is applicable, the statute and the case law reflect a prevailing policy that litigation concerning or affecting a prior judgment is best heard in the county where the prior judgment was rendered. In analogous contexts, it is often held that two interrelated cases should be venued in the same county. This is es *302 pecially so where the second action seeks enforcement or vacatur of a prior judgment entered in that county. (See, e.g., Turkish v Turkish, 126 AB2d 436 [1st Dept 1987].) In Turkish (supra), it was held that enforcement proceedings growing out of a prior divorce action should be venued in the same county as the divorce action even though the wife had since moved to another State and the husband had relocated to another county in New York State. The Court reasoned that the original county retained continuing jurisdiction over the matter. The Court stated: "Venue belongs in New York County because the county where a divorce decree was rendered has continuing jurisdiction over subsequent proceedings in the matrimonial action.” (126 AD2d, at 440, supra.)
The same reasoning is applicable here. Accordingly, it is concluded that (a) this county retains continuing jurisdiction to hear this action which concerns the validity of a judgment by confession entered in this county, and (b) plaintiffs’ designation of venue in New York County was proper.[2]
B. Was the Challenge to Venue Timely or Waived under
CPLR 511?
Pursuant to CPLR 510 and 511, if a defendant wishes to change the place of trial because the plaintiff designated an improper county, the defendant must serve a demand to change venue "with the answer or before the answer is served” (CPLR 511 [a]) and in the event plaintiff refuses to consent to the change, a motion must be made "within fifteen days after service of the demand” (CPLR 511 [b]). Defendants contend that under CPLR 503 (a), venue was improperly placed in New York County because none of the parties resided there when this action was commenced. Defendants contend that they have complied with each of these requirements and are therefore entitled to have this action transferred "as of right” to Queens County.
As concluded above, venue was properly placed in New York County and defendants’ motion to change venue "as of right” must necessarily fail. However, even if venue in New York County was improper, the court holds that defendants *303 forfeited their right to request a change of venue "as of right” and instead are relegated to requesting a discretionary change of venue. (See, CPLR 510 [2], [3].)
Here, plaintiffs contend that the Demand was untimely because it was not served "with the answer or before the answer was served” (CPLR 511 [a]; see, Pittman v Maher, 202 AD2d 172 [1st Dept 1994]). Plaintiffs further argue that defendants, having availed themselves of this county, by engaging in motion practice here, cannot now be allowed to pick a new venue.
Defendants maintain that the Demand was timely because once the amended complaint was interposed, the amended pleadings superseded the prior pleadings thereby rendering the prior pleadings a nullity. (See, Halmar Distribs. v Approved Mfg. Corp., 49 AD2d 841 [1st Dept 1975]; Hawley v Travelers Indem. Co., 90 AD2d 684 [4th Dept 1982].) However, this argument has been limited in various contexts, such as where a defendant fails to raise the defense of lack of personal jurisdiction in a prior motion and/or answer and then seeks to assert the defense in an amended pleading. (See, Addesso v Shemtob, 70 NY2d 689 [1987].) In Addesso, the Court of Appeals held that the defendant waived the defense of lack of personal jurisdiction under CPLR 3211 (a) (8) when it moved for dismissal under CPLR 3211 (a) (7) and thereafter answered the complaint without asserting the defense and then raised the defense for the first time in an amended answer. (See also, De-Filippis v Perez, 148 AD2d 490 [2d Dept 1989]; Sanchez v L.L.H. Recycled Aggregates, 147 Misc 2d 41 [Sup Ct, Queens County 1990].)
A similar rationale was applied by the Second Department in Taitz v First & Merchants Natl. Bank (102 AD2d 850 [2d Dept 1984]), where it was held that the defendant bank’s failure to assert in its answer its right, pursuant to former section 94 of title 12 of the United States Code, to be sued only in the district or county in which it has been established, constituted a waiver of its right to compel a dismissal predicated on that venue provision.
The rationale of the Taitz decision (supra) together with the Addesso line of cases are equally applicable to the facts in the case át bar, particularly in light of the strict requirements of CPLR 3218 and the fact that even if a party forfeits his right to demand a change of venue "as of right”, he does not lose *304 any substantive rights or defenses[3] and retains the right to request a discretionary change of venue.
Strict compliance with the procedures and time limits set forth in CPLR 511 is excused only rarely and usually only where there has been some sort of misleading conduct by the plaintiff as to his/her residence. Thus: "[WJhile a defendant who seeks a change of venue based upon an improper designation by a plaintiff must normally comply with the procedure of CPLR 511 and the time limits set forth therein, '[njoncompliance with the statutory time requirements should not act as a bar, where, as here, a plaintiff’s willful omissions and misleading statements regarding his residence are the cause of such noncompliance and the defendant moves promptly after ascertaining the true state of affairs’ (Philogene v Fuller Auto Leasing, 167 AD2d 178, 179)”. (Roman v Brereton, 182 AD2d 556, 557.) Here, however, there is no claim that plaintiffs misled defendants about their residence.
Defendants have failed to show any reason why this court in its discretion should transfer this matter to Queens County such as convenience of witnesses or inability to obtain a fair trial in New York County.
CONCLUSION
The motion is denied.

. CPLR 5015 concerns relief from judgments or orders. Subdivision (a) (3) provides: "On motion. The court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of * * * (3) fraud, misrepresentation, or other misconduct of an adverse party; or”.

. This conclusion is supported by CPLR 105 (r), which provides: "Place where action triable * * * an action is 'triable’ means the place where the action is pending; or, if no action has been commenced, any proper place of trial or any proper place to commence the action; or, after entry of judgment, the place where the judgment was entered. ” (Emphasis added; cf., Brenner v Arterial Plaza, supra.)

. For this reason, the reasoning of Addesso (supra) did not preclude a defendant from serving an amended answer which raised, for the first time, various substantive legal defenses, such as "prior action pending” (Kevorkian v Harrington, 158 Misc 2d 464 [Sup Ct, NY County 1993]) or the Statute of Limitations. (Hickey v Hutton, 182 AD2d 801 [2d Dept 1992].)