◾ Susan Lipp et al., Appellants, v Port Authority of New York and New Jersey, Respondent. [824 NYS2d 671]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Nelson, J.), dated January 9, 2006, which granted the defendant's motion pursuant to CPLR 3012 to extend its time to serve an answer or, in the alternative, to compel the acceptance of an untimely answer and, in effect, denied their cross motion for leave to enter judgment upon the defendant's failure to appear or answer.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is denied, the cross motion is granted, and the matter is remitted to the Supreme Court, Queens County, for an inquest on the issue of damages.

A defendant who has failed to timely appear or answer the complaint must provide a reasonable excuse for the default and demonstrate a meritorious defense to the action, when opposing a motion for leave to enter judgment upon its failure to appear or answer and moving to extend the time to answer or to compel the acceptance of an untimely answer (*see Juseinoski v Board of Educ. of City of N.Y.,* 15 AD3d 353, 356 [2005]; *Ennis v Lema,* 305 AD2d 632, 633 [2003]). In support of its motion, the defendant failed to present any evidence of a meritorious defense. Accordingly, the defendant's motion to extend its time to serve an

answer or to compel the acceptance of an untimely answer should have been denied.

The plaintiffs submitted proof of service of the summons and complaint, a factually-detailed verified notice of claim, and an affirmation from their attorney regarding the defendant's default in appearing and answering (*see* CPLR 3215 [f]). Accordingly, the plaintiffs' cross motion for leave to enter judgment against the defendant should have been granted (*see* *Giovanelli v Rivera*, 23 AD3d 616 [2005]; *Landaverde v Wroth*, 260 AD2d 448 [1999]). Miller, J.P., Santucci, Goldstein, Skelos and Lunn, JJ., concur.