OPINION OF THE COURT
Howard G. Lane, J.
*668 Defendant moves by order to show cause for an order pursuant to CPLR 5015 (a) to vacate a default judgment entered in the Supreme Court for the County of Queens and plaintiffs cross-move for an order pursuant to 22 NYCRR 130-1.1 awarding plaintiffs’ counsel attorneys’ fees due to the frivolous conduct of defendant’s counsel.
A brief review of the procedural history of this case is required in order to properly address the issues presented herein. Plaintiff, Susan Lipp, claims she was injured on April 7, 2005 when she was caused to trip and fall as she was walking on an island in a roadway at JFK International Airport in Queens, New York. A derivative loss of services claim has been asserted by Susan Lipp’s husband, plaintiff Irwin Lipp, based upon the alleged injuries to his wife. This action was commenced by filing the summons and verified complaint on September 14, 2005 and thereafter personally serving the defendant on September 26, 2005 to recover money damages for the personal injuries plaintiff sustained.
Following service, plaintiffs’ counsel was contacted by a law intern from the law office of defendant’s counsel who requested an extension of time to answer the complaint. On October 6, 2005, plaintiffs’ counsel informed the law intern he would be willing to stipulate to the extension on the condition that defendant waive any defenses relating to service of process. In response, the law intern advised plaintiffs’ counsel that he had no authority to stipulate to such conditions, but stated that he would contact plaintiffs’ counsel after conferring with his superiors.
Thereafter, on October 24, 2005, seven days after the expiration of defendant’s time to answer on October 17, 2005, defendant moved pursuant to CPLR 3012 (d) to extend defendant’s time to appear or plead, or, in the alternative, to compel acceptance of a pleading untimely served. Plaintiffs cross-moved for leave to enter judgment upon the defendant’s failure to appear or answer. In an order dated January 9, 2006, the court granted defendant’s motion and granted defendant leave to serve an answer within 30 days of service of a copy of the order on plaintiffs’ counsel with notice of entry. Although not specifically addressed in the court’s order, plaintiffs’ cross motion was effectively denied.
Plaintiffs thereafter appealed the order to the Appellate Division, Second Department. On November 21, 2006, the Appellate Division reversed the Supreme Court order on the law and, as a *669 matter of discretion, granted plaintiffs’ cross motion for a default judgment and ordered the matter remitted to the Supreme Court for an inquest on the issue of damages (34 AD3d 649 [2006]). Thereafter, pursuant to the order of the Appellate Division, on December 12, 2006 plaintiffs entered judgment in the Office of the Queens County Clerk. Following service of the judgment on defendant, defendant moved in the Appellate Division, Second Department, for leave to appeal to the Court of Appeals. By order of that Court dated April 4, 2007, the motion was denied (2007 NY Slip Op 66871[U]).
Statutory authority for vacating a default judgment in general is found in CPLR 5015 (a) (Levine v Berlin, 46 AD2d 902 [2d Dept 1974]; Brenner v Arterial Plaza, 29 AD2d 815 [3d Dept 1968]; Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.04), which provides in pertinent part as follows:
“Rule 5015. Relief from judgment or order “(a) On motion. The court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct, upon the ground of:
“1. excusable default” (emphasis added).
In addition, it is well settled that a court has inherent power, not limited by the provisions of CPLR 5015, to set aside a default judgment in the interests of justice (Ladd v Stevenson, 112 NY 325, 332 [1889]; Michaud v Loblaws, Inc., 36 AD2d 1013 [4th Dept 1971]; Weinstein-Korn-Miller, NY Civ Prac IT 5015.12).
Whether the court is exercising its inherent power or that, pursuant to the statute, it is clear that it may do so only with respect to its own judgments (Michaud v Loblaws, Inc., supra). As part of a court’s inherent power, a court has control over its own proceedings, and in the sound exercise of its discretion may open its own judgments for sufficient reason and in the furtherance of justice (Allen v Preston, 123 AD2d 303, 304 [2d Dept 1986]; Michaud v Loblaws, Inc., 36 AD2d 1013, 1014 [1971]). Additionally, CPLR 5015 (a) expressly provides that only the court which rendered the judgment may relieve a party from a default (Levine v Berlin, 46 AD2d 902 [1974], supra-, Brenner v Arterial Plaza, 29 AD2d 815, 816 [1968], supra [holding that CPLR 5015 (a) requires that an application to vacate a default judgment must be made in the court which rendered the judgment]).
*670 Under these principles of law, therefore, this court would have no authority to vacate a default judgment unless said judgment can be regarded as having been rendered or granted in the Supreme Court. Accordingly, the question presented on this motion is whether the default judgment was rendered or granted in the Supreme Court.
To address this issue in the context of the instant motion, the court must first consider the requirement of CPLR 5015, that only the court which rendered a judgment or order may relieve a party from it. “To render a judgment” has been defined as: “To pronounce, state, declare or announce the judgment of the court in a given case and (is) not synonymous with ‘entering’, ‘docketing’ or ‘recoding’ the judgment” (Black’s Law Dictionary 1460 [4th ed]; Matter of Voccola v Shilling, 88 Misc 2d 103, 107 [Sup Ct, Kings County 1976]; see, Scheckter v Ryan, 161 AD2d 344, 345 [1st Dept 1990] [holding that “the words ‘render . . . judgment’ refer generally to the pronouncement of the court’s judgment on a given state of facts . . .”]; see also, Terezakis v Goldstein, 168 Misc 2d 298 [Sup Ct, NY County 1996]).
In this case, although the plaintiffs made an application to the Supreme Court for a default judgment, the Supreme Court failed to grant such relief. Indeed, this fact was confirmed by the Appellate Division when it held that the Supreme Court, Queens County, “in effect denied [plaintiffs] cross motion for leave to enter judgment upon the defendant’s failure to appear or answer.” (Lipp v Port Auth. of N.Y. & N.J., 34 AD3d 649, 649 [2006].) The Supreme Court never rendered a judgment granting plaintiffs a default judgment. The Appellate Division is the Court that rendered the judgment and granted the default judgment. Therefore, the Court that rendered the default judgment is the Appellate Division.
An application for relief from or to vacate the prior order of the Appellate Division granting a default judgment must be addressed to the court which made the original judgment or order, and no court other than the one which rendered the judgment or order may entertain a CPLR 5015 (a) motion to vacate (Hrouda v Winne, 77 AD2d 62, 64 [3d Dept 1980]; Estate of Gardner v Carson, 295 AD2d 709 [3d Dept 2002]). Pursuant to CPLR 5015 (a), the Appellate Division is the Court to which defendant must seek redress in order to obtain relief under CPLR 5015 (a), as the Appellate Division is the Court which rendered or granted the judgment from which defendant seeks relief. Therefore, this court is without jurisdiction to entertain the instant motion.
*671 Defendant argues that the Appellate Division “gave its opinion, entered an order and remitted the motion back to the Supreme Court, Queens County to render the Judgment.” (Defendant’s reply affirmation It 15.) This argument is simply not supported by the record. The Appellate Division did not remit the case to the Supreme Court “to render the Judgment.” The judgment was rendered by the Appellate Division and the case was remitted to the Supreme Court, Queens County, solely for an inquest on the issue of damages (Lipp v Port Auth. of N.Y. & N.J., 34 AD3d 649 [2006], supra).
Defendant further argues that since plaintiffs filed the default judgment in the Supreme Court, Queens County, the Supreme Court, Queens County, acquired jurisdiction to entertain a CPLR 5015 (a) motion. This argument also fails. The rendition of a judgment is a judicial act of the court, while the entry of the judgment is simply the ministerial act of the clerk in recording it as evidence of the judgment (Vogel v Edwards, 283 NY 118, 121 [1940]). The judicial functions of the court are completed when it has rendered its judgment (Vogel v Edwards, supra). Jurisdiction was not vested in the Supreme Court to entertain defendant’s CPLR 5015 (a) motion to vacate a default judgment entered by the Appellate Division, notwithstanding that the filing of the judgment was with the Clerk of the Supreme Court, Queens County (Robert F. Wood, P. C. v Ford, 78 AD2d 585 [4th Dept 1980]). Such motion to vacate the judgment must be made to the court that rendered it.
In conclusion, the default judgment of the Appellate Division, Second Department, is a judgment rendered exclusively by that Court and not by the Supreme Court, and that judgment did not become a judgment of the Supreme Court. The subsequent entry of the judgment in the Supreme Court did not relate to the rendering of the judgment, or convert it to a Supreme Court judgment nor did its filing there give the Supreme Court, Queens County, jurisdiction to consider an application to vacate the default judgment (Brenner v Arterial Plaza, 29 AD2d 815, 816 [1968], supra; Weichert v Kirnie, 16 AD2d 744 [4th Dept 1962]).
Accordingly, defendant’s motion is denied, as this court lacks jurisdiction to entertain this motion. The stay of proceedings is vacated and lifted.
Plaintiffs’ cross motion for an order pursuant to 22 NYCRR 130-1.1 awarding plaintiffs’ counsel attorneys’ fees due to the frivolous conduct of defendant’s counsel is also denied for the reasons set forth hereinafter.
*672 Pursuant to 22 NYCRR 130-1.1 (c), conduct is deemed frivolous if:
“(1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;
“(2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or
“(3) it asserts material factual statements that are false.”
Plaintiffs argue that it is frivolous conduct that the defendant filed a motion for an order pursuant to CPLR 5015 (a) to vacate the default judgment. The defendant argues that sanctions are unwarranted in this case, since the judgment was granted on default and since defendant’s CPLR 5015 (a) motion is defendant’s first opportunity to apply to the court for such relief. Accordingly, defendant asserts it has a good faith basis to seek such relief.
At this stage, the court finds that the plaintiffs have not demonstrated that defendant’s conduct is “frivolous” as defined by 22 NYCRR 130-1.1. Nor have plaintiffs established sufficient cause to warrant sanctions (see, Schaeffer v Schaeffer, 294 AD2d 420 [2d Dept 2002]; Breslaw v Breslaw, 209 AD2d 662, 663 [2d Dept 1994]). The conduct of the defendant has not risen to the level of frivolous. Accordingly, plaintiffs’ cross motion is denied.