F. Warren Travers, S.
This is a proceeding brought by James. E. Brearton, executor of the last will and testament of Michael A. Mahoney, for a construction of paragraph "ninth” of said will, and also a determination as to whether the bequest therein is a specific or general legacy.
The last will and testament of decedent, dated August 21, 1974, and a codicil thereto, dated March 3, 1975, were admitted to probate in this court on September 24, 1975.
Paragraph "ninth” of the will reads, "I give and bequeath to Edward H. Eagle of 4 Sylvan Lane, Troy, New York the sum of two thousand ($2,000.00) dollars plus all my right, title and interest to 270 shares of American Telephone and Telegraph Company capital stock.”
• The codicil does not affect the issues presented in this proceeding.
Decedent, Michael A. Mahoney, was the life beneficiary of a trust created by his sister, Catherine A. Mahoney, in the -residuary clause of her last will and testament, dated March '24-,- 1953, and admitted to probate in this court on July 6, 1961.
Included in that residue were 285 shares of American Telephone and Telegraph Company (AT&T) Stock in the name of Catherine A. Mahoney at her death on June 25, 1961.
On May 28, 1964, as a result of a stock split, two for one, the number of shares increased to 570 shares.
Three cousins named as remaindermen of this trust all died prior to Michael A. Mahoney, decedent herein and the life beneficiary of the trust. These three cousins were dead at the time Michael A. Mahoney executed his last will and testament.
In a construction proceeding in this court (File No. 1961-380), the court by decision dated January 19, 1976, and *501 implemented by a decree entered February 3, 1976, found that the death of the three remaindermen prior to the death of the life tenant resulted in an intestacy and determined that the remainder interest passed to the life tenant and sole distributee, Michael A. Mahoney, decedent herein.
Petitioner in this construction proceeding contends that the bequest in paragraph "ninth” is a general legacy.
Respondent legatee contends that the bequest was a specific legacy.
Under the EPTL 1-2.8, we find a "general disposition” defined as "a testamentary disposition of property not amounting to a demonstrative, residuary or specific disposition.”
"A demonstrative disposition is a testamentary disposition of property to be taken out of specified or identified property.” (EPTL 1-2.3.)
EPTL 1-2.16 defines a "specific disposition” as "a disposition of a specified or identified item of the testator’s property.”
As always, in deciding an issue of this type, the court tries to ascertain the intention of the testator as expressed in the will. "All canons of construction are subordinate to this consideration.” (Matter of Larkin, 9 NY2d 88, 91.) The intention must be gleaned not from a single word or phrase, but from a reading of the document as a whole. (Matter of Thall, 18 NY2d 186; Matter of Fabbri, 2 NY2d 236.)
Each will must be individually interpreted according to its own facts and terms, but this court is, nonetheless, aided by the thinking of other courts in matters of a similar nature.
As a general rule, courts will hold that legacies are general and not specific. "In those cases in which legacies of stocks or shares in public funds have been held to be specific, some expression has been found from which an intention to make the bequest of the particular shares of stock could be inferred. Where, for instance, the testator has used such language as 'my shares’, or any other equivalent designation, it has been held sufficient. But the mere possession by the testator, at the date of his will, of stock of equal or larger amount than the legacy, will not of itself make the bequest specific.” (Tifft v Porter, 8 NY 516, 518.)
As to the 270 shares of stock mentioned in paragraph "ninth”, it is significant that testator did not describe them as specified shares by numbers or otherwise.
The court finds and determines that the bequest of 270 *502 shares of American Telephone and Telegraph stock is not "specific” as defined in EPTL 1-2.16, and the court holds that the bequest is "general” as defined in EPTL 1-2.8. Testator did not describe them as specified shares by numbers or otherwise. The will is silent as to any words which might afford a direct clue, such as "my shares”.
Accordingly, the legatee, Edward H. Eagle, or more properly his estate, since Mr. Eagle is now deceased, is entitled to 270 shares of A T & T stock.
Having determined that the bequest is "general” and not "specific”, the court determines that commissions shall be paid on the value of the stock to the executor.