No. 86-134

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

IN THE MATTER OF THE ESTATE OF
MARGARET A. WALES, Deceased.

_____

APPEAL FROM: District Court of the Third Judicial District,
In and for the County of Powell,
The Honorable Robert Boyd, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Ted L. Mizner, Deer Lodge, Montana

For Respondent:

Kenneth R. Neill; Larsen & Neill, Great Falls,
Montana

_____

Submitted on Briefs: May 30, 1986

Decided: October 30, 1986

Filed: OCT 30 1986

_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order of the District Court of the Third Judicial District in and for the County of Powell, Montana, concerning the distribution of the estate of Margaret Wales. The sole issue presented is whether a gift made by the deceased in her lifetime took the place of and adeemed by satisfaction devises contained in her last will and testament.

Margaret A. Wales ("Anita") died on April 14, 1984. She had previously executed a last will and testament on December 1, 1976. In her will, Anita had distributed 147 shares of her stock in Wales Brothers, a ranching corporation, as follows:

To her nephew, Joe Johnson        48 shares
To her nephew, Edward Wales       37 shares
To her grandnephew, Hal Hansen    62 shares

However, on December 27, 1976, Anita gave 42 shares of her Wales stock to Joe Johnson and one share apiece to Ed Wales and Hal Hansen. Anita never changed or revoked her will, so that at the date of her death, it still purported to distribute 147 shares though she possessed only 103.

In March, 1985, Hal Hansen petitioned the District Court for a declaration of the legal effect of Anita's will. Central to Hansen's petition was the question of how the remaining 103 shares were to be distributed. Hansen argued that each devisee was entitled to receive from the estate the balance of the total number of shares provided by the terms of the will. Joe Johnson and Ed Wales, on the other hand, argued that each of the devisees was entitled to a pro rata portion of the remaining shares.

The District Court held for Johnson and Wales, awarding each devisee a proportionate number of the remaining 103 shares in accordance with the percentages originally listed in the will. Thus, the court awarded Hal Hansen 42.2%, or 43.5 shares, of the remaining 103 shares; Joe Johnson was awarded 32.6%, or 33.6 shares; and Ed Wales received 25.2% or 25.9 shares. Hal Hansen now appeals. We affirm the result.

Initially, we find that this devise[1] was a "specific" devise as opposed to a "general" devise. As a rule, a general devise is one which, in accordance with the terms of the will, may be satisfied out of the testator's estate generally and is not charged upon any specific property. A general devise does not attempt to dispose of any specific article of property, but may be satisfied out of the general assets of the testator's estate. See 6 Page on Wills, § 48.2 (Bowe-Parker ed. 1962).

A specific devise, on the other hand, is a gift of a specific thing, or of some particular portion of the testator's estate, which is differentiated from the balance of the testator's property. A specific devise differs from a general devise in that it is not intended by the testator to be paid out of the estate generally, but is to be paid solely by delivering to the devisee that specific article given by will. 6 Page on Wills, § 48.3, (Bowe-Parker ed. 1962).

In case of doubt as to the testator's intention, courts have generally presumed that the testator intended to give a

---

1   Traditionally, a "devise" only referred to a disposition by will of real property. A disposition by will of stock or other personal property was typically called a "legacy." In Montana, however, this distinction has been erased. Section 72-1-103(8), MCA, treats similarly devise and legacy. For the sake of

3

general devise rather than a specific one.[2]  To find a specific legacy, there must generally exist some indication of intent.

In this case, Anita Wales passed in her will, "my 147 shares of the stock of Wales Brothers." (Emphasis added.) We find that inclusion of the word "my" in a devise indicates sufficient intention to render that devise specific rather than general. "A reference to the securities as belonging to the testator, a reference which may be made by the use of such word as 'my,' . . . shows that such [devise] is specific." 6 Page on Wills, § 48.6 (Bowe-Parker ed. 1962). Accord Estate of Cullen (N.Y. 1985), 485 N.Y.S.2d 454, 460; Matter of Will of Mahoney (N.Y. 1976), 388 N.Y.S.2d 853, 855; In re Noble's Estate (Kan. 1935), 41 P.2d 1021, 1025.

The issue thus becomes what effect does an inter vivos gift of stock have on a specific devise of that same stock. We find that because this devise is specific, § 72-2-517(1)(a), MCA, is applicable. This section states:

> (1) If a testator intended a specific devise of certain securities rather than the equivalent value thereof, the specific devisee is entitled only to:
>
> (a) as much of the devised securities as is a part of the estate at the time of the testator's death; . . .

In the present case, we find that Anita Wales intended a specific devise of certain securities rather than the

---

consistency with the statutory language, we will use "devise" throughout this opinion.

2 The aversion of the courts toward construing devises as specific is usually attributed to the fact that such gifts are subject to ademption in the event their subject matter is disposed of by the testator after execution of the will, a result which is regarded as imposing a hardship on the devisee.

equivalent value thereof. Thus, the parties--the specific devisees--are entitled to only as much of the devised securities as remained in Anita's estate at the date of her death--103 shares.

The remaining question is how these 103 shares are to be distributed. Section 72-2-517(1)(a) proffers no guidance on division of the remaining devised securities among multiple specific devisees. Appellant contends that this section requires that Anita's inter vivos gift to each devisee be subtracted from her gift of stock in her will. Put another way, appellant argues that Joe Johnson was devised 48 shares of Anita's Wales Brothers stock and was gifted 42 of those shares during Anita's lifetime. Thus, appellant continues, Johnson is entitled to only those six shares which remain a part of his devise at the time of Anita's death. This, appellant concludes, represents the portion of his individual devise which remained at the date of Anita's death.

We cannot agree with appellant's argument. Such a reading of this statute would, in effect, constitute a partial ademption by satisfaction. Anita's devise of stock to each of the three parties would be partially adeemed to the extent of her inter vivos gifts.

Such a result, however, would be directly contrary to § 72-2-515, MCA, the section covering ademption by satisfaction. This section states, in pertinent part:

> Property which a testator gave in his lifetime to a person is treated as a satisfaction of a devise to that person, in whole or in part, only if the will provides for deduction of the lifetime gift or the testator declares in a contemporaneous writing that the gift is to be deducted from the devise or is in satisfaction of the devise or the devisee

> acknowledges in writing that the gift is
> in satisfaction . . .

Thus, an inter vivos gift will be deducted from a devise only if such an intent is expressed in the will or in a contemporaneous writing. Because no such intent or writing was here shown, we will not subtract the inter vivos gifts from the devise.

We feel that a better reading would be achieved by distributing the remaining 103 shares on a proportional basis consistent with the percentages listed in the will.

In sum, we hold that this devise was a specific devise and that the specific devisees are entitled to only those 103 shares remaining in the estate at the date of Anita's death. The inter vivos gifts are of no effect; it is as if those 44 shares had been given to a third party. The remaining 103 shares are to be distributed on a proportional basis consistent with the percentages listed in the will.

We affirm the result reached below.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

6